UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62104-WPD/LSS

ADJ 26, LLC and FUME, LLC,

    Plaintiffs,

v.

ISRAEL ISAAC GIGI, YAKOV ZROYA,
and REAL DISTRIBUTION, LLC.

    Defendants.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE;**

**ENTERING TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS ISRAEL ISAAC GIGI, YAKOV ZROYA, AND REAL DISTRIBUTION, LLC**

THIS CAUSE is before the Court on Plaintiffs, ADJ 26, LLC ("ADJ") and Fume, LLC ("Fume," collectively with ADJ, the "Plaintiffs")'s Original Complaint, Application for *Ex Parte* Temporary Restraining Order, Seizure Order, Temporary Injunction, and Permanent Injunction [DE 1]; Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Seizure Order, and Permanent Injunction [DE 4]; Plaintiffs' Amended[1] Emergency *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Seizure Order, and Permanent Injunction [DE 8]; and the October 14, 2021 Sealed Report and Recommendation of Magistrate Judge Lurana S. Snow [DE 12].

Objections to the Magistrate's Recommendation are due by October 28, 2021, but Plaintiffs have informed the Court they are waiving all objections to the Magistrate's Recommendation. Accordingly, there being no objections, the Magistrate Judge's factual

---

[1] Amended only as to redesignate the Motion as an emergency.

findings in the Report [DE 12] are hereby adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). The Court agrees with Judge Snow's analysis and conclusions of law as set forth in the Report [DE 12], which are incorporated herein as if fully set forth.

Accordingly, it is hereby **ORDERED AND ADJUJDGED** as follows:

1. Plaintiffs' Amended Emergency *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Seizure Order, and Permanent Injunction [DE 8] is **GRANTED IN PART** as to the request for a Temporary Restraining Order and **DENIED** as to the request for a Seizure Order;

2. Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Seizure Order, and Permanent Injunction [DE 4] is **DENIED AS MOOT**;

3. Upon Plaintiffs executing and filing with the Clerk of this Court a good and sufficient cash bond or surety bond in the sum of $10,000.00 conditioned that Plaintiffs will pay to Defendants any and all sums of money and costs that may be adjudged against them for damages suffered by Defendants for the wrongful issuance of this temporary restraining order and for the preliminary injunction, Defendants, and those persons and entities in active concert or participation with them, are hereby enjoined as follows:

   (a) All Defendants - Engaging in the importation, distribution, sale, solicitation of sales, trading, investment, operation, ownership of, or acquiring ownership of or financial interests in any business which manufacturers, imports, ships, sells (whether wholesale or retail), or advertises for any "vaping," e-cigarette, nicotine, tobacco, or related products, including, but not limited to, operation of Real Distribution or any other operation;

   (b) All Defendants - Communicating with any companies or individuals regarding the manufacture, importation, sale (whether wholesale or

    retail) of Fume Products (whether authentic or counterfeit) as well as any related or substantially similar products;

(c) Gigi and Zroya - Incurring any debt, obligation, or other property (whether real or personal) for or on behalf of Fume, LLC without the express written permission of ADJ;

(d) Gigi and Zroya - Utilizing, transferring, conveying, loaning, using, or otherwise disposing of any Fume, LLC property (whether real or personal) including any Fume, LLC funds, including any unauthorized Membership distributions or personal expenses, without the express written permission of ADJ;

(e) All Defendants - Holding themselves out as having authority to bind Fume, LLC or otherwise act on behalf of Fume, LLC, including holding themselves out as Managers of Fume, LLC;

(f) Gigi and Zroya - Causing, seeking, or communicating to any third parties to cause or seek inflation/mark-up of any invoices from Fume, LLC's manufacturers, importers, and distributors;

(g) All Defendants - Communicating with any Fume, LLC customers regarding Fume, LLC, Fume Products, products similar to Fume Products, or the sale, importation, distribution, or advertising of the same;

(h) Gigi and Zroya - Selling, gifting, disposing of, destroying, damaging, or utilizing the luxury watches discussed herein and the motor vehicle (the Mercedes-Benz S-Class) purchased using Fume, LLC funds; and

(i) All Defendants - Selling, gifting, disposing of, destroying, damaging, or utilizing any and all Fume Products, whether acquired from suppliers or from Fume's warehouse, in their possession, custody, or control or in the possession, custody, or control of any entity, association, or partnership which they hold an interest or have authority to direct.

    The conduct set forth above shall be restrained and enjoined from the date of this Order to the fourteenth day after its entry or until further order of this Court.

    4.    Plaintiffs' Amended Emergency *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Seizure Order, and Permanent Injunction [DE 8] remains **REFERRED** to Magistrate Judge Snow, who shall, by separate order, set this matter for a

hearing on Plaintiffs' request for a Preliminary Injunction, to determine whether Defendants should be enjoined, pending the final hearing and determination of this action, as follows:

(a) From using the trademarks or shown on U.S. Trademark Registration Nos. 86270524 of May 2, 2014 (the "trademark"), or any marks similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

(b) From manufacturing, distributing, advertising, promoting, offering for sale, holding for sale, or selling any goods, labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, containers and receptacles, and any silk screens, catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation the trademark;

(c) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with the trademark;

(d) From infringing Fume, LLC's registered trademark;

(e) From otherwise unfairly competing with Fume, LLC;

(f) From falsely representing themselves as being connected with Fume, LLC or sponsored by or associated with Fume, LLC;

(g) From using any reproduction, counterfeit, copy, or colorable imitation of the trademark or any of Fume, LLC's trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, without limitation, knit garments or other apparel bearing a copy or colorable imitation of Fume, LLC's trademark;

(h) From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiffs and from offering such goods in commerce; and,

(i) From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Fume, LLC.

5. **IT IS FURTHER ORDERED** that pending the hearing and determination of Plaintiffs' motion for preliminary injunction, Defendants, their agents, servants, employees,

officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Plaintiffs.

7. Defendants are hereby put on notice that failure to attend the preliminary injunction hearing(s), as scheduled by Magistrate Judge Snow, may result in the immediate issuance of the preliminary injunction relief as requested in Plaintiffs' Complaint and Motion, including but not limited to, the issuance of the seizure order previously denied.

8. Plaintiffs shall serve a copy of this Order, along with all filings in this case, upon Defendants, and shall file an affidavit of compliance in the record within three (3) days.

9. The Clerk is **DIRECTED** to place this Order, **UNSEALED**, in the publicly accessible docket and to **UNSEAL** all docket entries and the associated exhibits in this case.

**DONE and ORDERED** in Chambers in Ft. Lauderdale, Broward County, Florida, this 15th day of October, 2021.

*William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Magistrate Judge Snow

Counsel of record